UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, *et al.,*

    Plaintiffs,

v.                                    CASE NO.: 8:19-cv-01950-SDM-JSS
                                      **(DISPOSITIVE MOTION)**
GLASSCO, INC., *et al.*

    Defendants.

_____/

## DEFENDANT, GLASSCO'S, MOTION FOR SUMMARY JUDGMENT

The defendant, GLASSCO, INC. ("Glassco"), pursuant to Rule 56, hereby moves for summary judgment on each claim asserted by plaintiffs (collectively "Geico") in the complaint.  [DE-1].  In addition, this motion for summary judgment incorporates a special motion for summary judgment under the authority of F.S. §768.295, Florida's anti-SLAPP statute.

## INTRODUCTION AND SPECIAL INCORPORATED MOTION

At their core, Geico's claims amount to nothing more than a criticism of the Florida legal environment for windshield claims. Namely, Geico dislikes that repair shops, such as Glassco, must be compensated at the prevailing market rate without deductible to the insured, that an insured has the absolute right to choose its repair shop, post-loss assignments of benefits are permitted in Florida, that the repair shops have a constitutional right to access to the courts, that insurers cannot unilaterally set and pay discounted prices for reimbursement, and that the legislature has determined

1

that it is the public policy of this state to level the playing field between insurers and their insureds by penalizing an insurer that delays or incorrectly underpays an insurance claim.   Since it is the law—not Glassco's acts--that results in any "unfairness" Geico complains of, Geico's remedy is to lobby the legislature to enact statutory changes, not to seek such changes through this lawsuit.

Moreover, because Geico's primary motivation in bringing this suit is to coerce Glassco to forego petitioning for redress before the state courts, this suit qualifies an improper anti-SLAPP suit.   Glassco' business practices are expressly permissible under Florida laws and automobile insurance policies which allow assignments of benefits from insureds to auto glass vendors, prohibit collection of deductibles on covered windshield claims (F.S. §627.7288), allow insured to select any glass vendor of their choice, allow recovery of attorneys' fees  when Glassco makes any recovery in the myriad of small claims cases that it files to collect the difference between the amounts that it would be entitled to collect for windshield replacements in a competitive market and the deeply-discounted amount that Geico unilaterally pays, based on its special relationship with Safelite, its preferred glass vendor.   Frustrated by the legal environment in which they choose to do business and, more so, by the legislature's flat-out refusal to enact statutory changes that would favor an insurer's underpayment of windshield claims and that would impede insureds from issuing assignments of benefit, Geico, now, seeks through this suit to have the federal court legislate where the legislature has chosen not to.

As the 1773 claims attached to Geico's complaint demonstrate, Geico regularly paid Glassco's claims and only filed this suit, because of its fear of having to pay attorney fee awards pursuant to F.S. §627.428 and extra-contractual damages pursuant to F.S. §624.155 in those claims—each of which Glassco filed against Geico in state court prior to the filing of this action.   Florida's anti-SLAPP statute prohibits a person from filing a suit that is (a) "without merit" and (b) "primarily" because the person against whom the suit was filed "exercised the constitutional right of free speech in connection with a public issue" and it is applicable to a federal diversity action  Bongino v. Daily Beast Co., LLC, --F.Supp.3d--, 2020 WL 6470639, at * (S.D.Fla. Aug. 6, 2020).  The exercise of the constitutional right of free speech in connection with a public issue expressly includes within its ambit the right to petition for redress of grievances before the Florida state courts.   F.S. §768.295(1) and (2). The statute awards a defendant fees and costs if a plaintiff files a forbidden suit.  F.S. §768.295(4); Parek v. CBS, 820 Fed.Appx. 827 (11th Cir. 2020).

This is a SLAPP suit to leverage settlement in the state court cases and discourage Glassco from bringing future suits. Geico has falsely represented to this Court that there are **no** pending related cases, despite the undeniable fact that the same 1773 claims for which Geico seeks restitution are actually pending in pre-existing lawsuits filed against Geico in state courts.  [DE-12, 28].  Further, of the 1773 claims, 11 of those claims have been tried and resulted in a judgment in favor of Glassco and against Geico in state court.  Geico has not disclosed those judgments to this Court and despite the well-settled doctrines of *res judicata,* collateral estoppel, and

the principle of priority, Geico nonetheless continues to seek restitution in this action for those very claims. Geico has also voluntarily settled an additional 53 of the claims for which it seeks restitution in this case. That is persuasive evidence that the instant lawsuit is both without merit and primarily brought to discourage Glassco from seeking redress through the courts to vindicate its rights. In addition, for the reasons that are demonstrated below, as well as those stated in the district court's dismissal of the FMVRA Claim [DE-59], Geico's claims are entirely without merit.

Pursuant to F.S. §768.295(4), Glassco seeks summary judgment against Geico as to all claims herein, together with an expeditious resolution of its claim that the instant lawsuit violates Florida's anti-SLAPP statute, together with attorney's fees and costs incurred in defense of this action.

## PROCEDURAL BACKGROUND

On August 7, 2019—roughly a month after Glassco filed another set of over 1500 small claims suits challenging Geico's unilateral decision to pay windshield replacements at merely 50% of the prevailing market price—Geico filed this lawsuit against Glassco and three separate individuals for declaratory judgment, federal RICO, and various state law causes of action. [DE-1]. Geico's 56-page complaint asserts eight causes of action in 163 allegations (not including subparts), with 5 counts aimed at Glassco, the corporate entity: Count I (Declaratory Judgment pursuant to 22 U.S.C. §§ 2201 and 2202); Count IV (Violation of F.S. §501.201— Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")); Count VI (Common law fraud); Count VII (Unjust Enrichment); and Count VIII (Violation of

F.S. §559.901—Florida Motor Vehicle FMVRA ("FMVRA")). [DE-1].  A previous order of this Court dismissed Count VIII, the FMVRA Claim.  [DE-59].

In dismissing the FMVRA claim, this Court summarized the misrepresentations alleged by Geico which support each of the other causes of action alleged and broke them down into two categories:  (1) misrepresentations constituting fraud regardless of Glassco's purported non-compliance with the FMVRA; and, (2) misrepresentations that, according to Geico, constitute fraud because of Glassco's purported non-compliance with the FMVRA.  [DE-59, p. 14].

This Court went on to note that the first category of misrepresentations comprises Geico's allegations (1) that Glassco submits claims that inflate the hours expended for windshield replacements; (2) that Glassco submits claims for unnecessary windshield repair; (3) that Glassco submit claims for unperformed winshield replacements; and (4) that Glassco forges the insured's signature on work orders and on assignment of benefits.  [DE-59, p. 14].

As for the second category of misrepresentations, the Court noted that Geico contends Glassco's claims are fraudulent because Glassco allegedly violates the FMVRA by: (1) failing to give each insured a written estimate before beginning the windshield repair; (2) by relying on unregistered independent contractors to perform the replacement; (3) by failing to obtain an insured's consent to an use of an independent contractor; (4) by failing to give each insured a copy of the invoice submitted to Geico; and (5) by failing to include the odometer reading on the work order.  [DE-59, p. 14].  The Court posed the central question as it related to the

remaining causes of action as follows:  "In sum, Geico's complaint presents this central question:  is a claim for windshield repair fraudulent if a repair shop in fact repaired the windshield but in a manner that violates the [FMVRA]?"  [DE-59, p. 17].

Glassco timely answered the complaint, specifically denying all of the substantive allegations of the complaint, including the jurisdictional allegations. [DE-65].  Glassco also raised 16 affirmative defenses, including waiver/voluntary payment, collateral estoppel, and the compulsory counterclaim rule.  [DE-65].  After filing this suit, 11 of the 1,773 state court cases have been tried to final judgment against Geico.  Fifty three other claims have been settled.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The Geico plaintiffs are insurers that sell automobile insurance policies containing comprehensive and collision coverage.  [DE-1].  Under Section 627.7288, Florida Statutes, the "deductible provisions of any policy of motor vehicle insurance…providing comprehensive coverage shall not be applicable to damage to the windshield of any motor vehicle covered under such policy."  Both Florida law and Geico's insurance policy grant the insured sole discretion to select a repair shop to repair the windshield.  [DE-1, ¶23].  After notifying the insurer about the windshield damage, the insured can assign to the repair shop the right to the insured's benefits under the policy.  [DE-1, ¶25].  After the insured assigns benefits under the policy and the repair shop repairs the windshield, the repair shop submits to the insurer an invoice and a claim for reimbursement.   [DE-1, ¶27].

Glassco is icensed as "motor vehicle repair shop" by the Florida Department of Agriculture and Consumer Services (FDCAS).  [DE-1, ¶47].  Between January 18, 2016 and  July 2, 2019, 1773 of Geico's insureds selected Glassco to repair their windshields.   [DE-1-1].   On each claim, Glassco invoiced Geico for the work performed.  [DE-1-1; Ex. 1--Declaration of John Bailey].  On each claim, Geico did not pay the full Glassco invoice (or any other reasonable amount), but instead partially paid a deeply—discounted amount, which, according to Geico, was the "competitive prevailing price" for the work performed under the insurance policy. [DE-1-1; Ex. 1—Declaration of John Bailey].

In response to Geico's discounted payment on each claim, Glassco, as an assignee of each insured, filed small claims actions in the state courts to collect the difference, contending that the amount Geico paid Glassco was not the competitive prevailing price.  [Ex. 1—Declaration of John Bailey].  Each of those claims remains pending in state court.  [Ex. 1—Declaration of John Bailey].  Geico appeared in and responded to each of those state small claims' lawsuits, but also filed this federal action, seeking a refund of all amounts previously voluntarily paid to Glassco and a declaration that it does not owe Glassco for any future/pending invoices.  [DE-1]. But, Geico has not filed any counterclaims in any of the state court actions.  [Ex. 1-A—Final Judgment; Ex. 1—Declaration of John Bailey].  Eleven of the 1773 claims which Geico claims as a part of this action have been tried in the state courts and resulted in a final judgment in favor of Glassco and against Geico. [Ex. A—Final Judgment; Ex. 1—Declaration of John Bailey]. Geico also has settled an additional

53 of the 1,773 claims for which Geico seeks restitution in this suit. [Ex. 1—Declaration of John Bailey].

**SUMMARY JUDGMENT STANDARD**

The summary judgment standard is well-settled. Because plaintiff bears the burden of establishing every element of each cause of action, to survive summary judgment, plaintiff must establish that there is a genuine issue of fact as to each element of a given claim. <u>Harris v. H & W Contracting Co.</u>, 102 F.3d 516, 523 (11th Cir. 1996).

**ARGUMENT**

**1.    SUMMARY JUDGMENT ON DECLARATORY JUDGMENT CLAIM**

In Count I, Geico seeks a declaratory judgment declaring that Glassco has no right to receive payment on pending bills, because Glassco allegedly: (1) was not in compliance with the FMVRA; (2) lacked a valid assignment of benefits and did not provide the glass services at issue; (3) misrepresented that Glassco was authorized by insureds to file claims against their insurance policy; and (4) in many cases, performed work which was not necessary, reparative, or actually performed.  As the Court has already noted, the viability of Geico's declaratory claim—as with all of its remaining claims--boils down to two categories of representations:    (1) misrepresentations constituting fraud regardless of Glassco's alleged non-compliance with the FMVRA; and, (2) misrepresentations that, according to Geico, constitute fraud because of Glassco's alleged non-compliance with the FMVRA.  [DE-59, p. 14].

### A.  No Declaratory Judgment for FMVRA Violation

Beginning with the second category first—misrepresentations that constitute fraud because of Glassco's alleged non-compliance with the FMVRA—this basis for declaratory judgment fails.

### 1.  Non-compliance Not  "Fraudulent" Or "Non-Reimbursable"

Even assuming Glassco was not in compliance with the FMVRA, nothing in the FMVRA establishes that a repair shop's non-compliance with the FMVRA forfeits its right to compensation.   Unlike other statutes in Florida governing professional services or No-Fault claims, the FMVRA contains no provision voiding a reimbursement claim submitted by a non-compliant shop.  [DE-59].   And, the FMVRA only creates a right for a customer.  [DE-59].  Geico, the insurer, is not the customer and, since it is not the customer, Geico has no actionable rights under the FMVRA.   [DE-59]; Allstate Ins. Co. v. Auto Glass America, LLC,418 F.Supp.3d 1009, 1024-1025 (M.D.Fla. 2019)(Mendoza, J.)(dismissing with prejudice FMVRA predicated FDUTPA, declaratory, and  unjust enrichment).

### 2.  Violation Does Not Render Contract Unenforceable

In Buell v. Direct General Ins. Agency, 267 Fed.Appx. 907 (11th Cir. 2008), the Eleventh Circuit held that "a statutory violation renders a contract unenforceable only where the statute expressly or impliedly so provides."  As Judge Merryday has already noted, the FMVRA contains no provision voiding a reimbursement claim submitted by a non-compliant shop.  [DE-59, p. 14].  And so, even if Geico could bring a FMVRA claim for a customer (which it cannot), Geico's claim that Glassco's

contract is unenforceable has been directly rejected by the Eleventh Circuit.  Florida no longer recognizes the principle that any statutory violation gives rise to a cause of action in favor of the statute's perceived beneficiaries.  <u>Buell v. Direct General Ins. Agency,</u> 267 Fed.Appx 907 (11th Cir. 2008).

### 3.  No  Rights for Insurer or Restitution

Insofar as Geico's declaratory claim seeks a determination that Glassco is invoices are "non-reimbursable" for a statutory violation, this argument, too, has been rejected both in the insurance context and others.  For a statutory violation to render a claim or bill for insurance reimbursement void or unenforceable, the statute must expressly so provide.   Again, the FMVRA does not provide a restitution remedy for an insurer and the FMVRA does not declare that claims for reimbursement are non-compensable or unenforceable.   <u>Hucke v. Kubra Data Transfer Ltd, Corp.,</u> 160 F.Supp.3d 1320 (S.D.Fla. 2015)(finding none of statutes provide that all claims made in violation of the statutes are non-compensable); <u>State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Nuerosurgery, LLC,</u> 278 F.Supp.3d 1307, 1330 (S.D.Fla. 2017)(listing Florida statutes that void claims submitted by non-compliant entity, finding statute in question not one).

Geico's primary argument is that once a repair shop such as Glassco violates the FMVRA, in any fashion, it forfeits its right to compensation and becomes "ineligible" to recover on any invoice submitted to Geico.  From that postulate, Geico concludes that, since Glassco violated the FMVRA, Glassco was never entitled to be paid any amount on any invoice.  In support of this theory, Geico cites

cases brought under the FMVRA by a customer, who upon proving a violation of the estimate provisions of the Act, the customer was entitled to discharge the Repair Shop's possessory lien and retain the benefit of the repairs.   This reading of the statute and its applicability to an insurer is defeated by the plain language of the statute itself.   Geico's claims do involve any claim of a customer bonding off a possessory lien under the FMVRA, since Glassco never asserted any possessory lien over a vehicle, Glassco is not attempting to enforce a Chapter 713 lien, and Geico is not a customer.

F.S. §559.921 is the remedies section of the FMVRA.   Section 559.921(1) provides that "any customer injured by a violation of this part may bring an action in the appropriate court for relief."   The statute expressly disavows any restitution remedy:

> If, in any proceeding brought pursuant to this part, it is determined that the    repairs and costs thereof were in fact authorized, orally or in writing, the repairs were completed in a proper manner, and the consumer benefitted therefrom, <u>then the enforcing authority may...award the reasonable value of such repairs.</u>

<u>F.S. 559.921(7)(Emphasis added).</u>

In other words, the legislature expressly chose not to add the penalty of automatic non-enforceability for a violation of the FMVRA.   Regardless of any technical reading of the statute, there is no question that all of the repairs at issue in this case were in fact authorized--both orally and in writing, the repairs were completed in the proper manner, and the consumer benefited therefrom.   As a result, the statute's plain language itself authorizes an award of the reasonable value of such

repairs. This simply serves to underscore that, even if Geico was the customer authorized to bring action under the statute, the FMVRA does <u>not</u> automatically authorize the restitution-remedy Geico seeks. There is no authority that claims submitted by Glassco, even if in violation of the FMVRA, render claims for reimbursement "fraudulent," "void," or "ineligible" for reimbursement. [DE-59].

### B.  FMVRA is Inapplicable And Glassco Did Not Violate It

Factually, Geico cannot establish that Glassco violated the FMVRA on any particular claim. This Court noted that Geico alleges Glassco's claims are fraudulent because Glassco violates the FMVRA by allegedly: (1) failing to give each insured a written estimate before beginning the windshield repair; (2) relying on unregistered independent contractors to perform the replacement; (3) failing to obtain an insured's consent to an use of an independent contractor; (4) failing to give each insured a copy of the invoice submitted to Geico; and (5) by failing to include the odometer reading on the work order. [DE-59, p. 14].

### 1.  Estimate Provision Neither Applicable, Nor Violated

Glassco did not violate the written repair estimate provision of the FMVRA. The FMVRA only requires a repair shop to provide customers with a "written repair estimate" when "the cost of the repair work will exceed $100 **to the customer."** F.S. §559.905(1); <u>Allstate Ins. Co. v. Auto Glass America, LLC</u>, 418 F.Supp.3d 1009, 1024-1025 (M.D.Fla. 2019). The FMVRA defines "customer" as the "person who signs the written repair estimate. <u>F.S. §559.903(1).</u> Glassco never charges the customer any amount, because it takes an assignment of benefits, stands in the shoes

of the customer, and charges Geico, the insurer, for the windshield replacement. F.S. §627.7288 eliminates the deductible for windshield replacements for insureds with comprehensive insurance coverage, meaning that the customer is never charged any amount for any windshield replacement involved in this lawsuit. In other words, the written estimate requirement of the FMVRA is simply not applicable to any claim involved in this suit, because the repair work will never exceed $100 to the customer. The "failure" to provide a "written estimate" is unsustainable as a FMVRA violation.

The "written estimate" provision of the FMVRA is not applicable for the additional reason that the FMVRA provides that customer need not receive a written estimate if the customer waives in writing her or his right to receive a written estimate. F.S. §559.905(3). Undisputedly, each customer, for each claim, waived in writing the right to receive a written repair estimate on the work order, which was executed by the customer. This simply underscores that each customer understood that they would not be charged for Glassco's windshield replacement.

## 2. Subcontracting Provision Neither Applicable, Nor Violated

Geico contends that Glassco violated the FMVRA by using independent contractors to perform windshield replacements. Nothing in the FMVRA prohibits Glassco's use of *independent contractors* or subcontractors to replace windshield. The FMVRA only prohibits a registrant from *subcontracting* without the *knowledge* or *consent* of the customer and, even then, the FMVRA provides for circumstances, in which subcontractors are permitted even without the consent or knowledge of the

customer. <u>F.S. §559.920(14)</u>.   And, even if Glassco's use of independent contractors constitutes subcontracting (which it does not), all of Glassco's customer's had both knowledge of and consented to the independent contractor performing the work. The record is undisputed that Glassco's work order indicated to the customer that Glassco would use independent contractors and the insured's signature consented to that practice. {Ex. 1].  Geico fails, as a factual matter, to establish a violation of the FMVRA's "subcontracting" provision.

But, this is all a non-issue in this case and, for that additional reason, Geico fails to establish a legal issue as to the applicability of the "subcontractor" provision of the FMVRA.  The delegation of windshield replacement work to third parties is customary throughout the windshield replacement industry.  There is nothing under federal or state law that forbids sellers of goods and services from delegating performance to a third party.  Instead, there is a Florida statute expressly permitting it.  F.S. §672.210(a)—part of the Uniform Commercial Code governing the sales of good and services in Florida—specifically provides:

> A party may perform her or his duty through a delegate unless otherwise agreed or unless the other party has a substantial interest in having her or his original promisor perform or control the acts required by the contract.  No delegation or performance relieves the party delegating of any duty or any liability for breach.

And, Geico saying that Glassco's independent contractors are subcontractors acting in violation of the statute does not establish that the independent contractors are, in fact, subcontractors or that the FMVRA is aimed at prohibiting independent contractors in the context and as specifically permitted by the UCC.  In addition to

14

the fact that the FMVRA cannot be read to provide a restitution remedy to Geico for a violation of the FMVRA, the FMVRA's "subcontracting" provision cannot be read as a mandate that repair shops use only W-2 employees, as opposed to 1099 independent contractors, particularly in light of the provisions of the Uniform Commercial Code expressly permitting exactly this type of delegation.

After all, Glassco is duly licensed by the Florida Department of Agriculture to perform auto glass replacements under the FMVRA.   The installers take their instructions from Glassco and are paid by Glassco, which tends to establish that they are "independent contractors" rather than "subcontractors" as a matter of law.   To the extent that the FMVRAs's proscription against undisclosed "subcontractors" serves a public policy of ensuring accountability of the licensed repair shop, Glassco is fully accountable.   Glassco expressly warranties its work and has an impeccable record of fulfilling its warranties.   But, ultimately whether Glassco structures its business by using independent contractors or employees only has significance as a tax matter.   Geico not only is not the customer, but it is not the taxing authority, and the tax status of either Glassco or any one of its vendors does not render any contract or claim unenforceable in the windshield context.   Geico's alleged facts are simply too sparse to determine whether Glassco's use of independent contractors constituted use of subcontractors, in the first instance, because despite Geico's allegations there is a legal distinction between independent contractors and subcontractors:

> Subcontractor vs Independent contractor is a difference in an
> employment relationship with a laborer. Independent contractors are

> employed and paid directly by the employer while subcontractors are
> employed by an independent contractor and are paid by them.

www.upcounsel.com, at "*Subcontractor vs. Independent Contractor: Everything You Need to Know*."   Geico's record, outside of its allegations, fails to elucidate this legal distinction.   Plus, undisputedly, Andrew Victor, a shareholder of Glassco, actually did perform installations.   [Ex. 1—Decl. of John Bailey].   As such, Geico is left with no competent proof that Glassco "subcontracted" in violation of the FMVRA, as opposed to using "independent contractors" as permitted by the UCC.

### 3.  Invoice Provision Neither Applicable, Nor Violated

Geico asserts that Glassco is not entitled to be paid on any invoice submitted, because it did not provide the customer with an "invoice" required by the FMVRA. F.S. §559.911 provides that a repair shop shall provide each customer, upon completion of any repair, with a legible copy of an invoice.   Like the rest of its arguments, Geico asserts that the failure to provide the customer with the invoice required by the FMVRA renders all of Glassco's charges to Geico "fraudulent" or "void."

Putting aside the fact that a violation of the FMVRA's invoice requirements does not render Glassco's claims as void or its contracts with the customers unenforceable and the FMVRA only provides rights the customer with standing to complain, Geico overlooks that each Glassco customer was provided with a work order which the customer signed detailing the work performed and the amount the customer would owe—which was always zero.   While each customer was provided

with a work order, Geico's real grievance is that the customer was not provided with a duplicative invoice demonstrating the amount Geico was billed by Glassco for the services to the customer. But, this invoice to Geico was not required to be provided to the customer, because on the work order the customer assigned its rights to payment to Glassco and, under all circumstances, the customer would never owe Glassco any money—Geico would. Geico has admitted that work orders to customers—as opposed to invoices to Geico--never contain odometer readings. See Rule 30(b)(6) deposition of Susanna Eberling, taken August 5, 2020 in Geico v. Glassco, Inc. et al., Case No. 8:19-cv-01950-SDM-JSS, at 103:23-104:11 ("I can't recall having seen a Geico work order with the odometer reading on it."); see also Laughlin Depo., at 49:7-10 (same).

Since Geico conflates the work order provided to the customer with the invoice billed to Geico, each customer was provided with a work order, and Geico does not require odometer readings on work orders, Geico cannot establish that Glassco violated the invoice requirement of the FMVRA, because even the FMVRA states that the "invoice may be provided on the same form  as the written repair estimate," which in this case, although not required, the work order, which contained the details about the work, assignment of benefits, and how much was owed by the customer ($0), was provided to the customer.   F.S. §559.911(1). Accordingly, on this record, Geico cannot establish that Glassco did not substantially comply with the FMVRA's documentation requirements, such that the FMVRA was violated.  KT Kar Kare, Inc. v. Laing, 617 So.2d 325, 326 (Fla. 4th

DCA 1993)(handwritten estimate); <u>Siam Motors, Inc. v. Spivey</u>, 136 So.3d 692, 694 (Fla 2d DCA 2014)(oral estimate); <u>Lieberman v. Collision Specialists, Inc.</u>, 526 So.2d 102, 103 (Fla. 4th DCA 1987)(no estimate where insurer provided estimate).

### C.   Assignments or Unreparative/Unperformed Work Insufficient

Outside of the violations of the FMVRA, the only basis Geico's claims, including its declaratory judgment action, depends on a showing that Glassco made other misrepresentations that amounted to fraud unconnected with the violations of the FMVRA.   For purposes of the declaratory action, Geico contends that these actions involved: (1) Glassco's lack of a valid assignment of benefits and failure to provide the glass services at issue; (2) Glassco's misrepresentation that it was authorized by insureds to file claims against their insurance policy; and (3) in many cases, Glassco's performance of work which was not necessary, reparative, or actually performed.   None of those claims warrant declaratory relief for both legal and factual reasons.

### 1.  Issues Surrounding the Assignment of Benefits Are Insufficient

The first two prongs of Geico's claim for declaratory judgment surround the validity of the assignments of benefits.   Geico's claim is that since Glassco was not properly assigned the claim, it could neither present an invoice for reimbursement nor actually legally perform the work.   Geico is wrong.

### a.      Geico Has No Standing to Challenge Assignments

First, Geico has no standing to challenge the validity of assignment of benefits—that is a matter between Glassco and the insureds.   The standing doctrine

prevents debtors from challenging the contractual assignment of their debts. <u>Livonia</u> <u>Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C., 717</u> F. Supp. 2d 724, 736-37 (E.D. Mich. 2010); <u>Lugassy v. Independent Fire Ins. Co.,</u> 636 So.2d 1332, 1335 (Fla. 1994<u>); Kerr v. Wells Fargo Bank</u>, 2015 WL 8042272 (M.D.Fla. 2015)(no standing to challenge "robo-signed" assignment)<u>; In re Canellas</u>, 2012 WL 868772, at *3 (M.D.Fla. 2012)(same).   "As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so." <u>Livonia Prop. Holdings</u>, at 736-737.  Geico is not a party to any assignment and has no standing to challenge the validity of any assignment.

### b.   Assignments are Valid As A Matter of Florida Law

Even if Geico could challenge the validity of any assignment (which they cannot), such a challenge would fail.  In Florida, assignments may be express or implied by the circumstances, and do not have to be in writing.  <u>See, e.g., Mangum</u> <u>v. Susser</u>, 764 So.2d 653, 655 (Fla. 1st DCA 2000). As for equitable assignments, "[n]o particular words or form of instrument is necessary" to create one, as long as there is evidence of intention to assign and corresponding intention to receive." <u>Giles</u> <u>v. SunBank N.A.</u>, 450 So.2d 258, 260 (Fla. 5th DCA 1984). The "[f]ormal requisites of such an assignment are not prescribed by statute and it may be accomplished by parol, by instrument in writing, or other mode, such as delivery of evidences of the debt, as may demonstrate an intent to transfer and an acceptance of it." <u>Boulevard</u> <u>Nat. Bank of Miami v. Air Metal Indus., Inc</u>., 176 So.2d 94, 97 (Fla. 1965).  Even when an insurance policy contains a provision barring assignment, an insured

nonetheless may assign a post-loss claim. <u>One Call</u>, 165 So.3d at 753-754; <u>Lexington Ins. Co. v. Simkins Indus., Inc.</u>, 704 So.2d 1384, 1386 n. 3 (Fla.1998).  Based on an assignment, the assignee "stands in the shoes" of the assignor, and has the same rights and status of the assignor. <u>Prof'l Consulting Serv., Inc. v. Hartford Life & Accident Ins. Co.</u>, 849 So.2d 446, 447 (Fla. 2d DCA 2003); <u>All Ways Reliable Bldg. v. Moore</u>, 261 So.2d 131, 132 (Fla. 1972); <u>Digital Medical Diagnostics v.Allstate Ins. Co.</u>, 15 Fla. L. Weekly Supp. 1147b (Fla. 11th Jud. Cir. Ct. App. Div. 2008) (even if contract creating assignment is deficient, equitable assignment was created where intent of parties to enter into assignment is clear).

Notably, motor vehicle insurance is heavily regulated by Chapter 627, Part IX, Florida Statutes, but it does <u>not</u> require or prohibit any particular type of assignment of benefits, and does <u>not</u> require any particular form, terms, or conditions that must or must not be used to create an assignment. And, to be certain, there is <u>no</u> statutory prohibition against an *equitable* assignment of motor vehicle insurance benefits (including windshield coverage).  In other areas, the legislature has required specific assignments. <u>F.S. 627.7152 (property claims).</u>   The undisputed facts establish that the in exchange for an assignment of benefits, each insured authorized Glassco to replace its windshield at no charge to the customer, with Glassco to collect from Geico the amount owed under the policy for the windshield repair, if any.   An assignment exists, as a matter of Florida law, regardless of any deficiencies Geico alleges.

### 2.  Un/Under Performed Work Allegations Insufficient

In Geico's corporate representative deposition, Geico's representative explained that Geico's allegations of "unnecessary work" are based on invoices containing time billed for a certain number of labor hours which (according to Geico's insureds) exceeded the actual amount of time to do the work performed. *See* Eberling Depo. at27:7-21; *see also* DE-17, at ¶106.   But inasmuch as Geico intends for its claims of "unnecessary work" to be inextricably correlated to those invoices reflecting time expended to be in excess of the time that an installer has actually expended on an installation, the evidentiary record is a nullity for purposes of proving "deception."   This is because Glassco's invoices are based on National Auto Glass Specifications (NAGS) standards of time billed for particular windshields for particular makes of vehicle.   Eberling herself expressly admits that Geico accepts and abides by the NAGS industry standards when compensating labor hours expended for windshield replacement.   Eberling Depo. at 30:12-31:15 ("We do pay for the applicable labor hours associated with a specific part number that's identified by the [NAGS].").   In other words, NAGS sets the amount of hours, so it does not matter how much time the installer actually is there, Glassco charges a set amount that's set by NAGS and this is precisely the amount paid by Geico.   In other words, this is the way Geico wants the labor amount calculated and billed.

As noted above, Geico's theory that Glassco did not perform the work is based on the equally untenable theories that independent contractors (not Glassco) actually performed the work and that Glassco did not have the authority to perform

the work for insureds, because its assignments were invalid.  As discussed above, these arguments for a declaratory judgment are meritless.

## 2.    SUMMARY JUDGMENT ON FDUPTA CLAIM.

Count IV of the Complaint alleges a FDUTPA claim against Glassco.  To prevail on a FDUTPA claim for damages, a plaintiff must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. Hucke v. Kubra Data Transfer, Corp., 160 F.Supp.3d 1320, 1328 (S.D. Fla. 2015). "A deceptive act or practice is 'one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"Id. To satisfy the first element of the FDUTPA claim, a party may allege either a traditional or *per se* violation. Felice v. Invicta Watch Co. of Am., Inc., Case No. 16-CV-62772, 2017 WL 3336715, at *2 (S.D. Fla. Aug. 4, 2017).

To establish a traditional FDUTPA violation, plaintiff must show defendants engaged in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." §501.204(1), Fla. Stat.; Feheley v. LAI Games Sales, Inc., No. 08-cv-23060, 2009 WL 2474061, at *5 (S.D. Fla. Aug. 11, 2009).

A *per se* violation is established in one of two ways: (1) if the "law, statute, rule, regulation, or ordinance" expressly constitutes a violation of the FDUTPA or (2) the statute, rule or ordinance proscribes unconscionable, deceptive, or unfair acts or practices and therefore operates as an implied FDUTPA predicate. §501.203(3)(c),

Fla. Stat.; <u>Parr v. Maesbury Homes, Inc.</u>, Case No. 09-cv-1268, 2009 WL 5171770, at *7 (M.D.Fla. Dec. 22, 2009).

Though a violation of a predicate statute satisfies the first element of the FDUTPA claim, a party is still required to prove causation and damages. <u>Parr, 2009 WL 5171770, at *8</u>. Finally, a plaintiff must prove that the allegedly unfair and deceptive conduct injured <u>consumers</u>. <u>Carribean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc.</u>, 169 So.3d 164, 169 (Fla. 4th DCA 2015)(FDUTPA claimant has to provide that there was an injury or detriment to consumers in order to satisfy all elements).

### A.  <u>FMVRA is not express or implied FDUPTA *per se* predicate</u>

There are two types of FDUTPA violations, a "per se" violation or a violation under an objection test ("traditional" violation). Although Geico's Complaint does not clearly assert that Glassco is liable under FDUTPA based on violations of the FMVRA, a *per se* violation is not established. A *per se* violation of the FDUTPA may be based only on the violation of "any law, statute, rule, regulation, or ordinance <u>which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.</u>" Fla. Stat §501.203(3)(c)(emphasis added). There is no shortage of statutes proscribing unfair methods of competition or deceptive practices. At least seventeen Florida statutes expressly state that a violation of their provisions constitutes a violation of the FDUTPA. These statues typically include language indicating that, "a violation of this act is a deceptive and unfair trade

practice and constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act."  See e.g. §509.511,Fla.Stat.

Importantly, the statute upon which Geico relies upon for it s *per se* theory of an FDUPTA violation—the FMVRA—does not include any language that expressly indicates that it can form the predicate for a FDUTPA *per se* violation for damages. Accordingly, the FMVRA is not an express predicate to a *per se* violation cause of action for damages under FDUTPA.

Although Geico alleges that Glassco is in violation of the FMVRA, Geico cannot seek relief directly under the FMVRA, because the FMVRA does not offer a private cause of action for insurers.  Instead, Geico seeks relief indirectly through other causes of action.—in essence seeking a refund of the amounts it has paid. Relevant to this section, Geico seeks relief under the FDUTPA, using the alleged violation of FMVRA as a predicate act to establish a *per se* FDUPTA violation for actual damages.  Geico cannot use FMVRA in this way.  Not every predicate statute expressly refers to FDUTPA.   Those statutes that properly serve as FDUTPA predicates without an express reference, however, do explicitly declare that a violation of their provision is an unfair, unconscionable, or deceptive trade practice. The inclusion of such language conveys the Florida legislature's clear intent for that section to serve as an implied predicate for a *per se* FDUTPA violation.  For example, §816.415(7), Fla. Stat. states that falsely advertising a gift as free is "declared to be a deceptive trade practice and unlawful."  While this statute does not formally state that a violation of §816.415 also constitutes a violation of the FDUTPA, the statute's

reference to "a deceptive trade practice" indicates that falsely advertising a gift as free can serve as an implied predicate for a *per se* FDUTPA violation. Unlike §816.415(6), the FMVRA simply states that "[i]t is unlawful" for any repair shop to violate the statute. The omission of direct language relating to unfair or deceptive trade practices conversely demonstrates that the Legislature did not intend for the FMVRA to serve as an implied predicate for a *per se* FDUTPA violation.

Geico is left then only with the contention that the FMVRA harmonizes with the objectives of FDUTPA, liberally construed: protecting "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." The Court should properly reject this construction of FDUTPA. Taken to its extreme, it would morph almost any Florida criminal or regulatory statute into a FDUTPA predicate except those specifically exempted by §501.212. While a broad reading of FDUTPA is appropriate, FDUTPA does have its limits and Geico's extremely broad reading is unsupported in law. Geico is not permitted to rely upon any violation of the FMVRA to satisfy the first element of a FDUPTA cause of action. <u>Allstate Ins. Co. v. Auto Glass America, LLC</u>, 418 F. Supp. 3d 1009 (M.D. Fla. 2019) (dismissing with prejudice FDUTPA claim predicated on FMVRA).

### B. <u>No traditional violation</u>

If a defendant violates a rule that does not trigger per se FDUTPA violation, the court must determine whether the defendant's conduct is unfair or deceptive

under traditional FDUTPA standards.  Cox v. Porsche Financial Services, Inc., 2020 WL 837167 at *6 (S.D.Fla. 2020). Here, Geico contends various other alleged conduct would constitute such a traditional FDUTPA violation.  To establish a "traditional" FDUTPA violation under §504.204(1), a plaintiff must prove that a defendant engages in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Ultimately, whether conduct is deceptive or unfair is a question of fact. Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1293 (M.D. Fla. 2009).

But, saying that that conduct is deceptive or unfair is a question of fact, does not mean that Geico does not have to come forward with evidence that the conduct actually occurred or that it is unfair, deceptive, or unconscionable.  Because Geico's FDUPTA predicate acts are the same as its predicate acts for its declaratory judgment action, and those acts as discussed above are insufficient, there is no admissible evidence of any conduct which could be considered unfair, deceptive or unconscionable, even casting aside that Geico is simply incorrect in its assertion that the mere technical violation of a regulatory statute automatically qualifies conduct as fraudulent and makes claims non-reimbursable—it does not.

### C.   No Harm to Consumers

Regardless of whether or not there is a *per se* or traditional violation of FDUTPA and whether the issue or unfairness or deception is a question of fact, Geico must still prove that the deceptive or unfair act injured consumers. Carribean Cruise Line, Inc., 169 So.3d at 169.  There is no admissible evidence to indicate that any of the acts complained of injured or caused any detriment to any consumer.

Even assuming Geico's FDUPTA factual allegations to be true, they cannot establish a basis for a demonstration of harm to the consumer, who, by all accounts, received a brand new windshield and, who, would never pay any amount out of pocket, because of the no-deductible statute.  Accordingly, and on the basis of no harm to consumers, Geico's FDUTPA claims fail as a matter of law.

### D.   No Actual Damages

Even if Geico has adequately demonstrated an unfair or deceptive practice, there is no factual basis that any such act <u>caused</u> Geico <u>actual damages</u>.  Putting causation aside, FDUPTA does not permit to restitution, rescission, or refund. FDUPTA only allows actual damages and the only equitable relief permitted by the statute is declaratory or injunctive relief, not refund. <u>Gibson v. Resort at Paradise Lakes, LLC</u>,2017 WL 3421532, at *5 (M.D.Fla. 2017).  The measure of actual damages under FDUTPA is "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." <u>Rollins, Inc. v. Heller</u>, 454 So.2d 259, 263 (Fla. 2d DCA 2004)  Geico's record is completely non-existent as to any actual damages suffered because of any of the complained of acts.  Instead, as Geico avers ubiquitously, it seeks <u>a refund of all amounts paid</u>—not actual damages.  And, FDUTPA does not permit the refund Geico seeks, because a refund is not actual damages.  There are no actual damages.

### E.   No Causation

Further, Geico cannot establish that the practices of which it complains are the <u>cause</u> of damages. Geico is damaged only by the legal landscape in which Geico chooses to do business and its contract of insurance.

Geico's contentions that Glassco's conduct involved deception to its insureds are ultimately hollow for the reasons set forth in the declaratory judgment section above. <u>See, e.g.</u> Laughlin Depo. at 50:12-56:17 (all insureds understand in the final analysis that the glass replacement would be at no cost to themselves and that Glassco would be paid for the work). The practice of assigning benefits for auto glass replacement is authorized by Florida law and Geico routinely processes and pays glass replacement claims without even consideration of whether an insured has signed an assignment of benefits. (Eberling Depo., at 90:20-92:13). Likewise, that Florida law provides for a no cost windshield replacement, provides for time frames for which claims must be promptly investigated and paid, and permits assignees to sue on policies and recover attorney's fees is not attributable to Glassco. Since it is the law and Geico's policy (which must conform to the law) that creates any "perverse incentives" or "unfairness," it is the law and Geico's own policy which is the cause of damage to Geico.

Geico's principle legal causation flaw is to incorrectly presume that upon proof that Glassco committed deceptive acts or unfair practices in one instance, Geico would be entitled to a damage award measured by a refund of all monies paid. To the extent that Geico sustained actual damages recoverable under FDUTPA on any one claim, those damages could be the result of any one or a combination of the

various alleged violations, and a different violation or combination of violations might be the cause of loss on each particular claim.   Thus the number of possible causative factors and combinations thereof is quite large.   Geico claims that Glassco is guilty of a litany of separate deceptive acts in thousands of claims.   But, a FDUTPA plaintiff is not permitted to prove causation by "pattern and practice," Rollins, Inc. v. Butland,951 So.2d 860, 873-874 (Fla. 2d DCA 2006).

Geico's proof of causation is speculative.   Geico has not advanced—and respectfully cannot advance—any class-wide proof of either causation or damages. Collective proof of causation and damages cannot satisfy Geico's burden of proof. Id.at 874.

## 3.     SUMMARY JUDGMENT FOR COMMON LAW FRAUD

Count VI of Geico's Complaint alleges common law fraud.   The elements of common law fraud include: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." Gandy v. Trans World Computer Tech. Group, 787 So. 2d 116, 118 (Fla. 2d DCA 2001).

### A.     Economic Loss Rule Bars Claim of Common Law Fraud

The economic loss rule is a judicially created doctrine that sets forth circumstances under which a tort action is prohibited if the only damages suffered are economic losses.   Indemnity Ins. Co. v. Am. Aviation, Inc., 891 So.2d 532, 536

(Fla. 2004); Jones v. Childers, 18 F.3d 899, 904 (11th Cir. 1991).  An assignee can enforce payments or performance under an assigned contract, because the assignee stands in the shoes of the assignor and the assignor retains no rights to enforce the contract.  Nationwide Mutual Co. v. Ft. Myers Total Rehab Center, Inc., 657 F.Supp.2d 1279, 1288 (M.D.Fla. 2014).  In this case, while there is no direct contract between Geico and Glassco, there were contracts, however, between Geico and its insureds, and these contracts required Geico to pay for windshield replacements.  Id. Glassco took assignments of benefits from these insureds, which created a contractual relationship between Geico and Glassco, because the obligations of Geico to pay Glassco were premised solely on the assigned contract.  Id. Accordingly, Geico's claims of common law fraud against Glassco are barred by the economic loss rule and summary judgment is proper.  Id.

**B.     No Misrepresentation, No Reliance, No Damages**

Summary judgment is the "put up or shut up" moment of a lawsuit.  Geico points to no false statement made by Glassco to Geico.  Proof that Glassco violated a regulatory statute does not equate to proof of fraud.  Geico must go beyond the pleadings and present admissible evidence for each element of fraud on must do so for each claim for which it claims was fraudulent.  More than that, Geico fails to link up any reliance on any claim of Geico's damages or specific acts of fraud.

`      And, Geico has no evidence of justifiable reliance.  The undisputed facts establish that Geico was free pursuant to both its policy and the law to investigate, deny, pay, or partially pay any claim presented.  Each of these claims was handled

through Geico's insurance contract.  After that process, Geico decided to partially pay all of the claims involved in this lawsuit.  If Geico had a question about Glassco's right to payment, it could have simply not paid Glassco—Geico did receive the invoice, assignment of benefits, and other documentation from Glassco prior to paying it.  If Geico did not have enough time to investigate a claim, because of statutory claims' processing time frames, it is the law that created those requirements—not Glassco.   There is no reliance as a matter of law.   Truck Insurance Exchange v. Kafka, 911 F.Supp.313 (N.D. Ill. 1995)(no reliance as matter of law by insurer); Ramel v. Chasebrook Construction Company, 135 So.2d 876 (Fla. 2d DCA 1961)(one claiming fraudulent representations is charged with knowledge of all facts that he could have learned through diligent inquiry). Under Florida law, reliance is an essential element of a common law fraud claim, and there exists no authority suggesting the Florida Supreme Court would dispense with the requirement in the insurance adjustment context presented by this case.

Geico presents no claim for recoverable fraud damages.  Again, this is not the PIP arena, where the legislature has made any violation of any of the healthcare statutes or No-Fault law "fraudulent" and "non-reimburseable," as a matter of statute.  Rather, the legislature has expressly rejected that approach in the windshield arena.  Even so, Florida only permits restitution in fraud causes of the action, if the defrauded party received nothing in return for the payment. Totale, Inc. v. Smith, 877 So.2d 813 (Fla. 4th DCA 2004).   Where a defrauded party has received something in return for the funds paid, Florida has adopted two standards for the

measurement of damages in a fraud action, either of which may be used to do justice under the circumstances.  Id.  The first standard is the "benefit of the bargain" rule which awards as damages the difference between the actual value of the property and its value had the alleged facts regarding it been true.  Id.  The second standard is the "out-of-pocket" rule which awards as damages the difference between the purchase price and the real or actual value of the property.  Id.  Under either standard, Geico fails to allege or articulate any legally cognizable damage caused by any of the alleged misrepresentations.

**4.     SUMMARY JUDGMENT ON UNJUST ENRICHMENT CLAIM**

In Count VII, Geico seeks a refund of all amounts paid to Glassco regardless of whether or not Glassco has performed the work.   Geico bases its unjust enrichment theory on:   (1) statutory violations; and (2) various other conduct it alleges is unjust or inequitable. Neither provides a basis for unjust enrichment.

**A.     Statutory Violations Fail**

As discussed above, the FMVRA does not offer an insurer a private cause of action for redress.   Instead, Geico seeks its redress indirectly for the statutory violations under unjust enrichment.   In order for a statutory violation to provide a cause of action for unjust enrichment, the statute must also indicate that the underlying transaction is void or otherwise creates grounds for restitution.  Hucke v. Kubra Data Transfer Ltd., Corp., 160 F. Supp.3d 1320 (S.D.Fla. 2015). Geico cites no provision in the FMVRA voiding a reimbursement claim submitted by non-compliant repair shop.

The FMVRA, like many other statutes, does not provide a restitution remedy for a violation (nor, for that matter, does it create a private right of action for an insurer).   The best Geico can do is point to portions of the statute that prohibit a repair shop from enforcing a possessory lien in quantum meruit when the repair shop is not in "substantial compliance" with the FMVRA's requirements.   But, this case involves no claim for enforcement of a possessory lien and no allegation by a customer seeking the return of its vehicle. This case involves a right to reimbursement for an assigned insurance claim, for which there is no statutory prohibition implicated.

For that reason, Geico's unjust enrichment count based on the statutory violations is subject to summary judgment.  Id.  As the Eleventh Circuit has noted, Florida law no longer recognizes the principle that any statutory violation gives rise to a common law claim in favor of the statute's perceived beneficiaries.   Buell v. Direct General Ins. Agency, 267 Fed.Appx. 907 (11th Cir. 2008).   The FMVRA neither expressly nor impliedly so provides. Carrero v. LVNV Funding, LLC, 2014 WL 6433214 (S.D.Fla. 2014)("declining to extend the already amorphous boundaries of unjust enrichment actions to allow for a *de facto* private action for violation of [statute]."  Id., at *5.  Unjust enrichment is not available, because the FMVRA does not provide it.   Performance Orthopaedics & Neurosurgery, LLC.,supra, 278 F.Supp.3d at 1330 (S.D.Fla. 2017).

### B.   Other Inequitable Conduct Fails

The other inequities and wrongs Geico alleges all overlook that Glassco has undisputedly given adequate consideration to the customer for the benefit conferred, as an assignee the of insured vis-à-vis Geico.  "When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." Am. Safety Ins. Serv., Inc. v. Griggs, 959 So.2d 322, 331–32 (Fla. 5th DCA 2007). Geico's insureds were promised a windshield replacement at no charge to them and they obtained the benefit of that bargain in an exchange for an assignment of benefits.  Geico is unable to establish this element of unjust enrichment.

**5.     AFFIRMATIVE DEFENSES:**  Glassco is also entitled to summary judgment on several of its affirmative defenses.

### A.   Waiver/Voluntary Payment Doctrine

The elements of waiver are: 1) the existence at the time of the waiver a right, privilege, advantage, or benefit which may be waived; 2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right.  Zurstrassen v. Stonier, 786 So.2d 65, 71 (Fla. 4th DCA 2001).  The voluntary payment doctrine provides that "where one makes a payment of any sum under a claim of right with knowledge of the facts, such a payment is voluntary and cannot be recovered." Cross v. Point and Pay, LLC, 274 F.Supp.3d 1289, 1293 (M.D.Fla. 2017).  This is true even if the claim paid was illegal.  Sanchez v. Time Warner, Inc.,1998 WL 834345, *2 (M.D.Fla. 1998).  It does not matter that the payment may have been made upon a mistaken belief as to the enforceability of the demand, or liability under the law, as long as payment is made with knowledge of the factual circumstances.

Hassen v. Mediaone of Greater Fla., Inc., 751 So.2d 1289, 1290 (Fla. 1st DCA 2000);

Kuchenmeister v. Healthport Technologies, LLC,753 Fed.Appx. 794, 799 (11th Cir.

2018).   Geico seeks to recover payments it voluntarily made to Shazam for

windshield replacements at a time when it had right and obligation to investigate

claims before paying them.  This applies to the 53 settled claims, too.

## B.    Compulsory Counterclaim Rule/Collateral Estoppel

In Florida, "the failure to bring a compulsory counterclaim in a state court

proceeding bars a subsequent suit in federal court on that claim. Petillo v. World

Savings Bank, FSB, 2009 WL 2178953, at *4.  Florida applies the same "logical

relationship" test as applied in the Eleventh Circuit such that:"[a] claim has a logical

relationship to the original claim if it arises out of the same aggregate of operative

facts as the original claim in two senses: (1) that the same aggregate of operative facts

serves as the basis of both claims; or (2) that the aggregate core of facts upon which

the original claim rests activates additional legal rights in a party defendant that

would otherwise remain dormant." Juster, 932 F.2d at 1381, quoting Neil v. S. Fla.

Auto Painters, Inc., 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981).   All of Geico's

claims in this case arose from the same operative facts as the facts of the underlying

state court litigation.   However, Geico undisputedly did not raise these issues as

compulsory counterclaims.   On the 11 claims that were tried in state court and lost

by Geico, Geico is collaterally estopped from pursuing those claims in this action.

Deweese v. Town of Palm Beach, 688 F.2d 731, 733 (11th Cir. 1982).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 12, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michael V. Laurato*
MICHAEL V. LAURATO, ESQ.
Florida Bar No: 181447
AUSTIN & LAURATO, P.A.
1902 W. Cass Street
Tampa, Florida 33606
(813)258-0624
(813)248-4625 Facsimile
mlaurato@austinlaurato.com
TRIAL COUNSEL FOR GLASSCO

.