UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

      Plaintiffs,

v.                                                                   Case No. 8:19-cv-1950-KKM-JSS

GLASSCO INC., et al.,

      Defendants.
_____

## ORDER

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Co. move for leave to amend their Complaint to allow them to drop the remaining claims following the Court's dismissal and summary judgment orders. (Doc. 182.) Additionally, if granted, the Plaintiffs then move for an entry of final judgment against them based on the Court's earlier orders resolving the heart of their claims. (*Id.*) Defendants Glassco Inc., Jason Wilemon, John Bailey, and Andrew Victor do not oppose either request. (*Id.*) The Court grants Plaintiffs' motion for leave to amend and directs the clerk to file the proposed Amended Complaint on the docket and to enter judgment in favor of Defendants based on this Court's earlier dismissal and summary judgment orders. (*See* Doc. 59; Doc. 148.)

In an earlier order, this Court dismissed Plaintiffs' claim for violations of the Repair Act because the Court concluded that Plaintiffs were not "customers" with a private right of action under the Repair Act. (Doc. 59.) In its summary judgment order, this Court denied Plaintiffs' motion for summary judgment and partially granted Defendants' summary judgment motions, reasoning that, because Plaintiffs are not "customers" under the Repair Act, they could not bring other legal claims premised on Repair Act violations (e.g., civil RICO, unjust enrichment, etc.); but the Court concluded that Plaintiffs could bring those claims based on ordinary fraudulent conduct apart from the Repair Act (e.g., misrepresentations regarding inflated hours, unnecessary repairs, forged claims, etc.). (Doc. 148.)

At this point, the remaining claims are limited portions of the FDUTPA, common law fraud, and unjust enrichment claims that are not based on violations of the Repair Act. Given that the Repair Act violations formed the heart of Plaintiffs' theory of liability under many of the claims and only a small portion of their case remains to be tried, Plaintiffs move to amend their Complaint under Rule 15 to remove these remaining portions of their claims so that final judgment may be entered in favor of Defendants based on this Court's prior dispositive orders. (Doc. 182.) The Plaintiffs then intend to seek immediate appellate review of those prior rulings. (*Id.*)

A party may amend the pleadings any time before trial where the other party gives permission or upon leave of the district court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a district court has dismissed some claims at the motion to dismiss or summary judgment stages, that party may move before trial to amend their complaint to drop the remaining claims to seek immediate appellate review. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("Rule 15 was designed for situations like this."). Indeed, the Eleventh Circuit recommends that very route in circumstances like the one presented here. *Id.* But where the deadline to amend has passed, a plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

Although the amendment deadline has long since passed, good cause exists. The Court has resolved Plaintiffs' core legal contentions deriving from the alleged Repair Act violations. The claims remaining to be tried before a jury constitute a fraction of the claims initially brought and an even smaller potential monetary judgment in comparison to the claims dismissed or adjudicated in Defendants' favor. The Court sees no reason to waste the litigants' time and resources (or its own) to try those claims when the parties prefer an expeditious appellate review of the novel Repair Act violations arising under Florida law. This Court, of course, cannot certify questions to the Florida Supreme Court, unlike the

Eleventh Circuit, and district courts within the circuit have routinely confronted similar Repair Act claims without binding precedent to apply. *See, e.g., Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1025 (M.D. Fla. 2019) (Mendoza, J.); *State Farm Mut. Auto. Ins. Co. v. At Home Auto Glass LLC*, No: 8:21-cv-239, 2021 WL 6118102, at *5–6 (M.D. Fla. Dec. 27, 2021) (Barber, J.); *Gov't Emps. Ins. Co. v. Glassco Inc.*, No. 8:19-cv-1950, 2020 U.S. Dist. LEXIS 261191, at *10–13 (M.D. Fla. Apr. 16, 2020) (Merryday, J.). Thus, clarification—sooner rather than later—about the scope of Florida law appears advantageous to all. In the light of the above, good cause to amend the scheduling order and complaint certainly exists, as Plaintiffs prefer to forgo claims in pursuit of other ones and the Defendants have no objection.

Having closely reviewed Plaintiffs' proposed amended complaint and concluded that it appropriately drops the portions of Plaintiffs' remaining claims, the Court grants Plaintiffs' unopposed motion for leave to amend and directs the clerk to enter the proposed complaint on the docket and to enter judgment in Defendants' favor based on this Court's previous dismissal and summary judgment orders.

Accordingly, the following is **ORDERED**:

1. Plaintiffs' unopposed motion for leave to amend and for entry of final judgment (Doc. 182) is **GRANTED**.

2. The Clerk is directed to **FILE** Geico's proposed amended complaint (Doc. 182-1) attached to the motion to amend (Doc. 182) on the docket as the Amended Complaint, to **ENTER JUDGMENT** in Defendants' favor based on the Court's earlier dismissal and summary judgment orders, (Doc. 59; Doc. 148), to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 9, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge