UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO. and GEICO
GENERAL INSURANCE COMPANY,

    Plaintiffs,

v.                                                      Case No: 8:19-cv-1950-KKM-JSS

GLASSCO INC., JASON WILEMON,
JOHN BAILEY and ANDREW
VICTOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Following the Eleventh Circuit's opinion and mandate dismissing Plaintiffs' appeal in this matter for lack of jurisdiction, the parties renew their motions asking the court to determine their entitlement to attorneys' fees and costs. (Dkts. 227, 228[1], 229, 230, 233, 243) (collectively, the Renewed Fees Motions).[2] Plaintiffs oppose Defendants' renewed motions (Dkts. 237, 238, 239, 244) and Defendants Glassco Inc. (Glassco) and John Bailey oppose Plaintiffs' renewed motion (Dkts. 241, 242). The Eleventh Circuit also transferred to this court Defendants' motion for an award of appellate attorneys' fees (Dkt. 224) (Appellate Fees Motion), which Plaintiffs oppose

---

[1] Defendant Glassco, Inc. filed a renewed motion (Dkt. 227) and an amended renewed motion to correct the date of its certificate of service. (Dkt. 228.)
[2] Defendants have also filed proposed bills of costs. (Dkts. 226, 231, 234.)

(Dkt. 225). (Dkt. 223.) Upon consideration, and for the reasons that follow, the undersigned recommends that the Renewed Fees Motions and the Appellate Fees Motion be denied without prejudice.

## BACKGROUND

Plaintiffs (GEICO) bring this action against Glassco and its owners (together, Defendants) alleging that Defendants submitted fraudulent claims to GEICO for reimbursement on windshield repairs. (Dkt. 1.) Glassco also asserted four counterclaims against GEICO, alleging that GEICO engaged in unlawful price-fixing. (Dkt. 65.) On September 2, 2021, the court granted GEICO's motion to dismiss Glassco's counterclaims. (Dkt. 147.)

On September 24, 2021, the court granted in part and denied in part Defendants' motions for summary judgment and denied GEICO's motion for summary judgment. (Dkt. 148.) In its order, the court denied Defendants' motions for summary judgment with respect to GEICO's claims alleging fraudulent and deceptive practices independent of GEICO's claims arising under the Florida Motor Vehicle Repair Act. (*Id.* at 62–63.) The court further denied GEICO's motion for reconsideration of the summary judgment order. (Dkt. 158.) Thus, certain of GEICO's fraud-related claims and allegations remained pending before the court.

On March 9, 2022, the court granted GEICO's motion for leave to amend the Complaint to remove its remaining fraud-related claims, directed entry of the amended complaint removing those claims, and directed entry of final judgment in favor of Defendants so that GEICO could perfect an immediate appeal. (Dkts. 183, 184, 185.)

The parties thereafter filed various motions seeking entitlement to attorneys' fees and costs. (Dkts. 189, 190, 191, 192, 193.) On March 24, 2022, GEICO filed a Notice of Appeal as to the final judgment and the court's decisions on various dispositive motions throughout the case. (Dkt. 195.) On May 18, 2022, the court denied without prejudice the parties' attorneys' fees and costs motions and directed that the parties may refile their fees motions within 30 days after the Eleventh Circuit's mandate issues on GEICO's appeal. (Dkt. 204.)

On February 6, 2023, the Eleventh Circuit issued an opinion finding that it lacked jurisdiction over GEICO's appeal because GEICO's fraud-related allegations had not been completely removed from the Amended Complaint and this court had therefore not rendered an appealable final decision. (Dkt. 205.) Following the Eleventh Circuit's mandate (Dkt. 211), the court granted GEICO leave to file a second amended complaint that removed the remaining fraud-related allegations and directed entry of judgment in favor of Defendants based on GEICO's Second Amended Complaint. (Dkts. 220, 221, 222.) In accordance with the court's prior order denying their initial fees motions (Dkt. 204), the parties thereafter filed the Renewed Fees Motions (Dkts. 227, 228, 229, 230, 233, 243) and the Eleventh Circuit transferred Defendants' Appellate Fees Motion (Dkt. 224) to this court. On March 31, 2023, GEICO filed a notice of appeal of the court's March 2023 final judgment (Dkt. 222), the court's March 2022 judgment (Dkt. 185), and the court's decisions on various dispositive motions throughout the case, including docket numbers 59, 148, 158. (Dkt. 232.)

## APPLICABLE STANDARDS

Generally, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2020 WL 886867, at *1 (M.D. Fla. Feb. 24, 2020); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-38CM, 2019 WL 8370780, at *1 (M.D. Fla. July 10, 2019) ("The district court may also deny a motion for attorneys' fees without prejudice with leave to refile after the appeal has concluded."); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FtM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014)

(denying motion for attorneys' fees without prejudice and with leave to re-file after entry of appellate court's mandate); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Rather than resolving the Renewed Fees Motions (Dkts. 227, 228, 229, 230, 233, 243) and Defendants' Appellate Fees Motion (Dkt. 224) during the pendency of GEICO's current appeal, the ends of justice are best served by denying the motions without prejudice with leave to re-file after the conclusion of the appeal. *See, e.g.*, *Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985-Orl-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"); *Pinto v. Rambosk*, No: 2:19-cv-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021) ("Notably, courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy.") (collecting cases). Given the procedural posture of the case, immediate resolution of the Renewed Fees Motions and Defendants' Appellate Fees Motion is unwarranted. *See Hess v. Coca-Cola Refreshments USA, Inc.*, No. 8:13-cv-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan 8, 2016) ("Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation."); *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr., Inc.*, No.

8:12-cv-942-T-33MAP, 2014 WL 5307490, at *1 (M.D. Fla. Oct. 16, 2014) ("Resolving [Defendant's] Motion and Proposed Bill of Costs while the present appeal remains pending would require the Court to engage in piecemeal adjudication of costs, as the Court would be asked to repeat the procedure following the appeal."); *Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-cv-1415, 2010 WL 5209307, at *1–2 (M.D. Fla. Oct. 8, 2010) ("Determination of that appeal, regardless of its outcome, will greatly affect consideration of the fee motion and provide guidance as to whether prior analysis is appropriate. Thus, any time spent analyzing the fee request at this juncture would likely be wasted."), *report and recommendation adopted*, 2010 WL 5209304 (M.D. Fla. Dec. 16, 2010); *Quigley v. Gov't Emps. Ins. Co.*, No. 8:03-cv-1349-T-26EAJ, 2008 WL 384561, at *1 (M.D. Fla. Feb 11, 2008) (denying motion for appellate fees and award of attorneys' fees and costs without prejudice while appeal remained pending).

Similarly, although GEICO has not appealed the court's order dismissing Glassco's counterclaims (Dkt. 147), which forms part of the basis for GEICO's renewed fees motion (Dkt. 229), the interests of justice, efficiency, and judicial economy are best served by denying GEICO's renewed fees motion without prejudice and resolving all attorneys' fees motions together following the conclusion of the appeal.[3] *See, e.g.*, *United States ex rel. GLF Constr. Corp. v. FEDCON Joint Venture*, No. 8:17-cv-1932-CEH-AAS, 2021 WL 1186839, at *2 (M.D. Fla. Mar. 30, 2021) ("Courts

---

[3] In its renewed motion, GEICO asserts that "all parties' entitlement to attorneys' fees should be decided following the resolution of Plaintiffs' [] renewed appeal," but states that it is filing the renewed motion to comply with the court's prior order regarding the original fees motions (Dkt. 204). (Dkt. 229 at 2–3.)

have cited concerns such as having to repeat the attorney's fees and costs procedure following appeal, the desire to avoid piecemeal adjudication, that resolution is unlikely to assist the Eleventh Circuit, and that attorney's fees and costs issues are often resolved during appellate mediation."), *reconsideration denied*, 2021 WL 2109074 (M.D. Fla. May 25, 2021); *Short*, 2019 WL 8370780, at *1 ("Because Short's appeal is pending, the Court denies the motions for attorney's fees.").

Accordingly, it is **RECOMMENDED** that the Renewed Fees Motions (Dkts. 227, 228, 229, 230, 233, 243) and Defendants' Appellate Fees Motion (Dkt. 224) be **DENIED without prejudice** and with leave to re-file the motions, proposed bills of costs, or both, within 30 days of the entry of a mandate by the Eleventh Circuit Court of Appeals on GEICO's pending appeal.

**IT IS SO REPORTED** in Tampa, Florida, on April 27, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record